UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LLOYD RIDDLE,

               Plaintiff,               Case No. 1:08-cv-1228

v.                                           Honorable Robert J. Jonker

KENT COUNTY SHERIFF'S
DEPARTMENT et al.,

               Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

      I.        Factual allegations

Plaintiff Lloyd Riddle presently is incarcerated with the Michigan Department of Corrections and housed at the Earnest C. Brooks Correctional Facility. He sues the following Defendants in their personal and official capacities: Kent County, Michigan; the Kent County Sheriff's Department; Kent County Sheriff Lawrence Stelma; Kent County Detectives Todd Self and Robert Peters; Kent County Deputies Dawn Greenwald, Janet Erlandson, Louis Hunt and Ed Rusties; Kent County Sheriff Lawrence Stelma; Dane County, Wisconsin Sheriff Gary Hamblin; Dane County Deputy Garvin Anderson; Juneau County, Wisconsin Sheriff Brent Olson; Juneau County Detective Thomas Czys; Village of DeForest, Wisconsin Police Department; DeForest Police Officer James Pertzborn; Sun Prairie, Wisconsin Police Chief Frank Sleeter; Sun Prairie Police Officer William Burton; and F.B.I. Special Agent Shawn Johnson.

According to the complaint, during an investigation into the shooting death of Gerald Koetje of Byron Center, Michigan, the Kent County Sheriff's Department identified Plaintiff as a suspect. On the basis of an affidavit filed by Defendant Kent County Deputy Jan Erlandson on November 4, 1999, a Dane County Circuit Court judge authorized a search warrant for Plaintiff's Dane County home and for all vehicles and structures on the address premises. In addition, based upon the affidavit of Defendant Kent County Detective Todd Self filed November 8, 1999, the Juneau County Circuit Court issued a warrant for the search of Plaintiff's cabin in Necedah, Wisconsin. Plaintiff contends that both warrants were issued on the basis of insufficient affidavits and that items not identified as being the subject of the search were confiscated. In addition, he contends that the Defendant Erlandson executed the search warrant for Plaintiff's home without

having the warrant on her person, and that the Dane County Sheriff's Department S.W.A.T. team did not announce their presence when executing the warrant or display the warrant to Plaintiff's wife. Plaintiff also alleges that the property taken during the search was not returned to his family. He further alleges that Defendants have been hostile to Plaintiff and his family when they have requested return of the items. He also suggests that Defendants "jointly and severally" maintained a "pervasive atmosphere of hostility toward Plaintiff Riddle and his family when requesting these items be returned." (Compl. ¶ 33.) In his requests for relief, Plaintiff also suggests that unnamed Defendants have in some manner prevented him from obtaining access to all written material, including notes and reports that were not part of the criminal record.

Plaintiff seeks injunctive relief, including an order declaring that Defendants have substantially burdened his rights under the First, Fourth, Eighth and Fourteenth Amendments. He also seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not

accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff purports to raise claims under the First, Fourth, Eighth and Fourteenth Amendments.

### A. First Amendment

Plaintiff's complaint contains virtually no allegations related to a First Amendment claim. He asserts that unspecified Defendants have been hostile and have deprived him of his right of access to the courts by in some way interfering with his right to unfettered access to information allegedly possessed by some or all Defendants.

Plaintiff's allegations fall far short of stating a deprivation of the right of access to the courts. First, Plaintiff's claims are wholly conclusory. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences).

The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. In addition, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

Here, Plaintiff does not specify the conduct about which he complains nor does he identify which Defendant or Defendants has interfered with any First Amendment interest. His allegations fall far short of the minimal pleading standard under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Second, even had Plaintiff made more specific allegations, his claim would fail because the right of access to the courts is not implicated by the type of allegations set forth in the complaint. It is well established that prisoners have a constitutional right of access to the courts.

*Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. In sum, a prisoner's right to access the courts extends only to direct appeals, habeas corpus applications, and civil rights claims involving his conditions of confinement. *Id.*; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). Further, the Supreme Court squarely has held that "the underlying cause of

action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. 353 & n.3). The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416.

Plaintiff's complaint contains no allegations that he was denied access to legal materials or the means to file a legal complaint, and he has not alleged that any Defendant has interfered with the filing of a legal action. Moreover, he neither challenges his conviction nor challenges the conditions of his confinement. He therefore has not alleged the necessary elements of an access-to-justice claim.

For both reasons, Plaintiff fails to state a claim under the First Amendment.

### B. Eighth Amendment

Plaintiff alleges that he has been deprived of his rights under the Eighth Amendment. Plaintiff, however, makes no factual allegations to support his claim. As previously discussed, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis*, 135 F.3d at 405.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

*Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In the instant case, none of Plaintiff's allegations involve the imposition of punishment, much less cruel and unusual punishment. Plaintiff therefore fails to state a claim and Eighth Amendment claim.

### C. Fourth Amendment

Plaintiff alleges that his rights under the Fourth Amendment were violated, presumably by the searches of his premises and the seizure of a variety of property. Plaintiff litigated the legality of the Wisconsin searches in his criminal appeals. The Michigan Court of Appeals rejected Petitioner's arguments and found the searches and seizures to be legal. *See People v. Riddle*, No. 234453, slip op. at 14-15 (Mich. Ct. App. Apr. 29, 2003). The Michigan Supreme Court denied leave to appeal. Plaintiff subsequently filed a habeas corpus petition in this Court, in which he attempted to challenge the legality of the searches and seizures. *See Riddle v. Caruso*, No. 5:04-cv-181 (W.D. Mich.). However, claims alleging that evidence was obtained in violation of the Fourth Amendment are not cognizable in federal habeas corpus proceedings if the petitioner had a full and fair opportunity to litigate those claims in the state court proceedings. *See Riddle v. Caruso*,

No. 08-1385 (6th Cir.) (Ord. Denying Certif. of App., Nov. 4, 2008) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)). As a result, Petitioner's habeas claim was rejected.

To the extent Plaintiff now seeks declaratory and monetary relief for alleged violations of his Fourth Amendment rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations about the reasonableness of the search warrants and their execution were integral to his criminal conviction. "Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine

the basis of Petitioner's guilty plea and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398-99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest). Therefore, Plaintiff's action is barred under *Heck* unless and until his criminal conviction has been invalidated.

### D. Fourteenth Amendment

By invoking the Fourteenth Amendment, Plaintiff appears to incorporate his allegations that Defendants have failed to respond to requests to return property seized during the Wisconsin searches. In other words, he appears to allege that he has been deprived of his property without due process.

Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent or intentional acts of unspecified state officials, he must plead and prove the

inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, state post-deprivation remedies are available to him. First, Michigan courts have recognized that the circuit court that presided over a criminal proceeding has ancillary jurisdiction to consider a post-judgment motion to return certain property seized by the police during a search. *See In re Property Held by City of Detroit*, 367 N.W.2d 376 (Mich. Ct. App. 1985) (citing *People v. Washington*, 351 N.W.2d 577 (Mich. Ct. App. 1984)). Michigan law also authorizes actions in the court of claims asserting tort or contract claims for money damages "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The court of claims also has concurrent jurisdiction with the state circuit courts for related equitable relief. *See id.*; *see also Pomann, Callanan & Sofen, P.C. v. Wayne County Dep't of Soc. Servs.*, 419 N.W.2d 787, 789 (Mich. Ct. App. 1988). Plaintiff does not allege any reason why either a post-judgment motion in the criminal case or an independent state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's procedural due process claim is barred.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   February 11, 2009              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE